Case number 20-1174. Michigan Education Association, Family Retired Staff Association et al versus Michigan Education Association et al. Oral argument not to exceed 15 minutes per side. Mr. Stumpf for the appellants. Thank you. Good afternoon. May it please the court. My name is Andrew Stumpf and I'm appearing on behalf of the plaintiff's appellants, Family Retired Staff Association and the individual plaintiffs, Glenna Parker and Carolyn Smith. I'd like to reserve three minutes for rebuttal if I could. Very well. Thank you. So plaintiffs are appealing the district court's denial of their motion for a preliminary injunction that prevented their employer, the Michigan Educational Association, using their retiree medical benefits that were in place, their former employer when they were actually employed. And this is a dispute that after all of the recent litigation in recent years, the standard for it is that in order to show the right to vested retiree medical benefits, a document must have, quote, clear affirmative language that the parties intended for those benefits to be vested. And your honors, this is that case. Plaintiff's claim of vested benefits here involves a document-based argument, two document-based arguments, one under the Labor Management Relations Act and another under ERISA plan documents. And in both contexts, the relevant documents stayed in so many words. Retiree benefits are, quote, vested, unquote. In fact, in the case of the LMRA document, the labor agreement actually, quote, vested for life signed by both parties. That makes this unlike literally every other case that has been decided in recent years in this court and in the Supreme Court, including but not limited to Tackett, Reese and actually Yarbanek. So in the face of that, however, the district court here treated the case as though it were just like Tackett and Reese and denied plaintiff's request for a preliminary injunction on the ground that the plaintiffs were unlikely to succeed on the merits. And this legal error was labeled by the court as dispositive for its decision to deny the injunction. So I want to take in, burn our two counts on appeal. The first of which is under the LMRA and the second of which is under the plan documents under ERISA. And I'll be talking about the documents relevant to each of those. So in the case of the LMRA, the plaintiff's argument is based on a contract, a quote, letter of understanding that was actually signed by both parties. And it actually contains the statement, parties acknowledge that retirees- Councilor, let me ask you a question. The LOU says parties and there's nothing, there doesn't seem to be anything in the document that sets out exactly who the parties are. And is there some dispute about whether the person who signed it for the defendants, let's say, had authority for all of those defendants to sign it? There's a dispute now. Yes, Your Honor, not about my understanding whether he had the authority to bind all of them. My understanding is the defendants are now claiming that there's whether he had the authority to bind any of them. So it was an interesting collective, to elaborate a little bit, it was an interesting collective negotiating experience whereby there was one person negotiating for the collectively bargained employees and that was several unions. And there was another person who was bargaining on behalf of the employers and that was three different employers. Very recently, not until the complaint was amended in May, but very recently, the defendants have raised the argument that the person who was signing, was negotiating this document on behalf of the employers, didn't have authority. For all sorts of reasons, we think that's a very difficult argument to carry. It wasn't an argument that was even addressed or taken into consideration by the judge, but just to clarify your question, the issue that I'm understanding being raised is not whether it was that he had.